IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALFONZA HARDY GREENHILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00068 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| HAROLD W. CLARKE, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Alfonza Hardy Greenhill, Pro Se Plaintiff.*

The plaintiff in this prisoner civil rights action under 42 U.S.C. § 1983 seeks a preliminary injunction. After review of the record, I conclude that the motion must be denied.

Greenhill is an inmate at Virginia's Red Onion State Prison. In both his Complaint and the motion, Greenhill alleges that the defendant prison officials are burdening his right to free exercise of his Islamic religious beliefs in three separate respects, in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act. In particular, he claims that (1) as a Security S inmate, he cannot be bodily present at the Friday night Jum'ah service and, without access to a television, cannot be visually present for a videotaped version of Jum'ah that the prsion broadcasts; (2) he is not allowed to grow his beard to the length of his fist as his religion requires, absent restrictive living

conditions and loss of privileges; and (3) his religious diet meal trays are contaminated when placed in the tray slot box where other, unclean items must also be placed. In his motion seeking preliminary injunctive relief, Greenhill asks the court to order the defendants to provide a communal television broadcast of Jum'ah, to revise the grooming policy to allow him to grow a four-inch beard (the length of his fist) in general population living conditions, and to return to utilizing removable tray slot boxes for Level S inmates, with one such box, properly cleaned, to be used exclusively for serving religious meals.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. A "plaintiff[] seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction. *Id.* at 22. Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief that changes the status quo pending trial cannot be "availed of to secure a piecemeal trial" and will only be granted when the court determines that "the

exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

After review of the record, I conclude that Greenhill has not made the required showings for interlocutory injunctive relief. His motion seeks to change the status quo — to achieve court-ordered changes to the prison's established accommodations of Islamic religious beliefs. Rather than maintaining the status quo between the parties, granting the requested relief would require prison officials to expend substantial resources and alter established Virginia Department of Corrections and institutional procedures. Moreover, Greenhill has not demonstrated a likelihood of success on the merits of his claims or irreparable harm he will suffer absent the requested interlocutory court intervention. His own allegations indicate that the defendants have taken substantial steps to accommodate his religious dietary beliefs and provide him supplies to clean his cell, including his tray slot box. The record also reflects that officials will allow Greenhill to grow his beard to the length that his religion dictates, provided that he remain in a more secure housing unit.

I also cannot find that the balance of the equities tips in Greenhill's favor or that the public interest will be best served by requiring prison officials to assume the financial burdens required to achieve the changes to Level S living conditions that Greenhill proposes, before his claims are resolved through the normal

litigation process. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (internal quotation marks and citations omitted); *see also Bell v. Wolfish*, 441 U.S. 520, 548 n.23, 29 (1979) (noting that operating penal institutions in manageable fashion involves "considerations [that] are peculiarly within the province and professional expertise of corrections officials" to which courts should give "substantial deference") (internal quotation marks and citations omitted).

Furthermore, to grant the relief Greenhill seeks, I would have to decide, prematurely, the very legal questions he raises in his Complaint and order the defendants to make drastic changes to the status quo. Deciding issues in this piecemeal fashion is highly discouraged. *Wetzel*, 635 F.2d at 286. I simply do not find any "exigencies" in Greenhill's current situation that warrant the immediate court intervention he seeks.

For the reasons stated, I will deny Greenhill's motion for preliminary injunctive relief.

A separate Order will be entered herewith.

DATED: March 23, 2016

/s/ James P. Jones
United States District Judge