**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6542

ALFONZA HARDY GREENHILL,

    Plaintiff - Appellant,

  v.

HAROLD W. CLARKE, Director of the State of Virginia Department of Corrections; A. DAVID ROBINSON, Chief of Corrections Operations of the State of Virginia Department of Corrections; EARL BARKSDALE, Warden of Red Onion State Prison,

    Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James P. Jones, District Judge. (7:16-cv-00068-JPJ-RSB)

Submitted: November 18, 2016     Decided: December 22, 2016

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Alfonza Hardy Greenhill, Appellant Pro Se. Laura Haeberle Cahill, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfonza Hardy Greenhill appeals the district court's order denying his request for a preliminary injunction in this action brought pursuant to 42 U.S.C. § 1983 (2012) and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5 (2012). Greenhill, a Muslim inmate currently confined in segregation, sought an injunction ordering prison officials to provide a television broadcast of the Jum'ah, a revision in the prison's grooming policy, and a change in how he is served halal meals. The district court denied the requested injunction because Greenhill did not show that he could satisfy any of the factors set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). On appeal, Greenhill only challenges the district court's denial of injunctive relief regarding his access to the Jum'ah. Accordingly, we affirm the district court's order as to its disposition of the grooming policy and halal meal claims. See 4th Cir. R. 34(b); Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004).

As to Greenhill's claim concerning access to the Jum'ah, the district court made no specific findings of fact or conclusions of law in denying this claim. Rule 52(a)(2), Fed. R. Civ. P., requires that the district court make particularized

2

findings of fact supporting its decision to grant or deny a preliminary injunction; such findings are necessary in order for an appellate court to conduct meaningful appellate review. See H & R Block Tax Servs. LLC v. Acevedo-Lopez, 742 F.3d 1074, 1078 (8th Cir. 2014). In the absence of any such specific findings, we are constrained to conclude that the district court abused its discretion in denying the requested injunction as to Greenhill's Jum'ah claim. See WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (stating standard of review).

Accordingly, we affirm the district court's order as to the grooming policy and halal food claims, vacate it as to the Jum'ah claim, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED