IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALFONZA HARDY GREENHILL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00068 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Alfonza Hardy Greenhill, Pro Se Plaintiff; Laura H. Cahill, Office of the Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Alfonza Hardy Greenhill, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5. Greenhill asserts that restrictive living conditions in long-term administrative segregation interfere with his ability to exercise his Muslim religious beliefs related to his participation in the weekly service known as Jumu'ah,[1] as well as wearing a beard and maintaining a religious diet.

---

[1] "Jumu'ah is commanded by the Koran and must be held every Friday after the sun reaches its zenith and before the Asr, or afternoon prayer." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 345 (1987).

Shortly after the case was filed, Greenhill filed a motion seeking preliminary injunctive relief ordering prison officials to provide him with a television broadcast of Jumu'ah, a revision of the grooming policy, and a change in how permissibly-prepared food ("hahal") is served in segregation.[2] I denied the motion, and Greenhill noted an interlocutory appeal. The United States Court of Appeals for the Fourth Circuit remanded the case for further proceedings on Greenhill's request for a preliminary injunction requiring prison officials to provide him with a closed-circuit television broadcast of Jumu'ah. *Greenhill v. Clarke*, No. 16-6542, 2016 WL 7414198, at *1 (4th Cir. Dec. 22, 2016) (unpublished). Specifically, the court of appeals held that I had failed to make specific findings of fact and conclusions of law in denying relief on this claim as required by Federal Rule of Civil Procedure 52(a)(2). *Id.* It affirmed my ruling as to the grooming policy and halal food claims. *Id.*

In obedience to the ruling of the court of appeals, it is **ORDERED** as follows:

1. Greenhill's Motion for Preliminary Injunction (ECF No. 35) relating to a television broadcast of Jumu'ah is REFERRED to

---

[2] A preliminary or interlocutory injunction is a provisional remedy issued prior to the final determination of the case, issued either to preserve the status quo or to prevent irreparable loss of rights prior to the final determination of the merits of the plaintiff's claim. James J. Wagstaffe et al, *Federal Civil Procedure Before Trial* 13-5 (2016). Denial of preliminary injunctive relief does not affect the right to seek a permanent injunction following final determination of the case on the merits. *Id.* at 13-6.

-2-

Case 7:16-cv-00068-JPJ-RSB   Document 37   Filed 02/06/17   Page 2 of 3   Pageid#: 328

the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct further proceedings and to submit to the undersigned a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B); and

2. Consideration of the defendants' Motion for Summary Judgment (ECF No. 25) is STAYED, pending the outcome of the proceedings on the plaintiff's pending preliminary injunction motion.

ENTER: February 6, 2017

/s/ James P. Jones
United States District Judge

-3-

Case 7:16-cv-00068-JPJ-RSB   Document 37   Filed 02/06/17   Page 3 of 3   Pageid#: 329