# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ALFONZA HARDY GREENHILL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00068 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, ETC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Alfonza Hardy Greenhill*, Pro Se Plaintiff; *Mary Grace Miller, Assistant Attorney General, Office of the Attorney General, Criminal Justice and Public Safety Division, Richmond, Virginia*, for Defendants.

This prisoner civil rights action under 42 U.S.C. § 1983 is before me on the Report and Recommendation ("Report") of the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The magistrate judge recommends that I should deny the plaintiff's motions seeking preliminary injunctive relief allowing him to participate in a weekly group religious service. The plaintiff has filed timely objections to the Report. After conducting a de novo review, I will overrule the objections, adopt the Report, and deny Greenhill's motions for interlocutory relief.

I.

In his Complaint, Greenhill contends that prison officials violated his right to free exercise of his religious beliefs under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). After I denied

Greenhill's motion seeking a preliminary injunction, he took an interlocutory appeal. *Greenhill v. Clarke,* No. 7:16CV00068, 2016 WL 1179225 (W.D. Va. Mar. 23, 2016), *aff'd in part and remanded in part,* No. 16-6542, 2016 WL 7414198 (4th Cir. Dec. 22, 2016) (unpublished). The court of appeals affirmed this court's denial of preliminary injunctive relief as to Greenhill's claims regarding the prison's grooming policy and process of serving religious meals, but remanded the case for further consideration of his contention that the court should order prison officials to allow him to participate in Jum'ah, the Islamic Friday congregational service. I referred the matter to the magistrate judge, resulting in the present Report and Greenhill's objections to it.

The Report's recites certain facts to which Greenhill does not object. Greenhill's sincere religious beliefs require him to be present bodily or visually at Jum'ah. Greenhill arrived at Red Onion State Prison ("Red Onion") in 2013. He was classified as a Security Level S inmate in September 2015 after he had incurred ten institutional disciplinary charges during the previous two years. Level S inmates are segregated from other inmates and therefore cannot bodily attend Jum'ah services. Red Onion broadcasts a videotape of Jum'ah services every week for inmates. There are no communal televisions available to Level S inmates like Greenhill. Level S inmates who own a television may view this service but Greenhill is indigent and cannot afford to purchase a television, which costs $212

from the prison commissary. Greenhill remains in Level S and its restrictive conditions because he refuses to participate in the prison's Step Down Program.

## II.

The magistrate judge makes only a recommendation to this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The district judge is charged with making a de novo determination of those portions of a report and recommendation to which a party makes proper objections. 28 U.S.C. § 636(b)(1).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

To state a viable claim under the First Amendment or RLUIPA, Greenhill must demonstrate that the defendant prison officials' actions or policies place a substantial burden on his free exercise of his sincere religious belief. *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981) (First Amendment); *Lovelace v. Lee*, 472 F.3d 174, 185 (4th Cir. 2006) (RLUIPA, 42 U.S.C. § 2000cc-1(a)). For purposes of the First Amendment or RLUIPA, a substantial burden on religious exercise occurs when a state action or policy "put[s] substantial pressure

on an adherent to modify his behavior and to violate his beliefs." *Id.* at 187 (quoting *Thomas*, 450 U.S. at 718). "No substantial burden occurs if the government action merely makes the 'religious exercise more expensive or difficult' or inconvenient, but does not pressure the adherent to violate his or her religious beliefs or abandon one of the precepts of his or her religion." *Marron v. Miller*, No. 7:13CV00338, 2014 WL 2879745, at *2 (W.D. Va. June 24, 2014) (citing *Smith v. Allen*, 502 F.3d 1255, 1278 (11th Cir. 2007); *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 739 (6th Cir. 2007) (unpublished)).

Based upon these principles, the Report concludes that the facts in this case are not likely to support a viable claim that the defendants' policies have prohibited Greenhill from practicing Jum'ah in segregation; rather, the Report finds, the policies have merely made his practice more inconvenient or expensive. To practice his beliefs, he must participate in the Step Down Program to work toward leaving segregation and/or purchase a television.

The Report finds that "[i]t is unlikely that Greenhill can demonstrate that the defendants' actions placed a substantial burden on his right to freely exercise his religious beliefs," and therefore, he "has failed to show that he will likely prevail on his First Amendment claim or his RLUIPA claim." Report 10, ECF No. 41. The magistrate judge recommends that I deny Greenhill's request to grant

preliminary injunctive relief. Greenhill objects to of these findings and complains that his indigence and his inability to have a prison job (because of his noncompliance with the beard-grooming policy) prevent him from purchasing a television, and in turn, prevent him from practicing Jum'ah, in violation of his beliefs. These inconvenient or difficult aspects of his problem, however, are not caused by the challenged Jum'ah policies. On the contrary, the policies accommodate inmates' Jum'ah practice. Greenhill's Level S status, caused by his disciplinary problems, combined with his financial status, prevents him from participating in Jum'ah at this time. Thus, I find that Greenhill has not demonstrated a likelihood of success in proving a defendant-caused, substantial burden on his religious practice as required for a successful claim under the First Amendment or RLUIPA.

### III.

For the stated reasons, after de novo review of pertinent portions of the record, it is hereby **ORDERED** that the plaintiff's objections, ECF No. 42, are OVERRULED; the magistrate judge's Report, ECF No. 41, is hereby ACCEPTED, and the plaintiff's motions seeking preliminary relief, ECF Nos. 4 and 35, are DENIED.

ENTER: May 10, 2017

/s/ James P. Jones
United States District Judge